UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jenner & Block LLP, *Plaintiff/Counterclaim-Defendant*, v. The Republic of Sierra Leone, *Defendant/Counterclaim-Plaintiff*. | Civil Action No. 1:22-cv-03599 |

**JENNER & BLOCK'S REPLY IN SUPPORT OF ITS
MOTION FOR ENTRY OF A RULE 502(D) ORDER**

Plaintiff Jenner & Block, LLP ("Jenner & Block") respectfully submits this Reply in further support of its Motion for the Entry of a Rule 502(d) Order ("Motion").

In its Motion, Jenner & Block argued that the entry of a non-waiver order pursuant to Federal Rule of Evidence ("Rule") 502(d) was proper in this case where Sierra Leone and Jenner & Block will be producing to each other communications that are privileged. The production will include communications between client and attorney done for the purposes of providing legal representation to Sierra Leone. (ECF 44 at 3.) Sierra Leone owns the privilege. (*Id.* at 2.) While there is no fear or risk of waiver between the parties, producing these documents in litigation may be considered a broader waiver that may extend to the entire subject matter of the communications. (*Id.*) As is customary in these circumstances, Jenner & Block seeks a Rule 502(d) Order to limit the waiver to the parties to this case and to prevent it from allowing third parties to claim a broad,

subject matter waiver. Jenner & Block emphasized that this Rule 502(d) Order would facilitate discovery and allow the parties to exchange discovery materials freely.

In its response to the Motion ("Response"), Sierra Leone made three primary arguments. It argued that (1) a Rule 502(d) Order is inappropriate because Sierra Leone has waived privilege "for the purposes of production of the documents" (ECF 46 at 2-3); (2) Jenner & Block's Rule 502(d) Order is a "back door" attempt to achieve a protective order (*id.* at 3-4); and (3) Jenner & Block is using its proposed Rule 502(d) Order to avoid discovery (*id.* at 4.) These arguments are incorrect, and the Court should enter the proposed Rule 502(d) Order.

1. Sierra Leone first argues that Jenner & Block has not met its burden in demonstrating the need for a Rule 502(d) Order. (ECF 46 at 1-2.) Sierra Leone misunderstands the purpose of 502(d) orders. The Rule provides that a "federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in *any other federal or state proceeding*." Rule 502(d) (emphasis added). A Rule 502(d) Order in this case will facilitate, not hinder, discovery. *See* Advisory Committee Notes 11/28/2006, Rule 502.

Sierra Leone stated (ECF 46 at 2) that it has sought documents "concerning the billing dispute" and, citing *Montgomery v. Leftwich, Moore & Douglas,* 161 F.R.D. 224, 227 (D.D.C. 1995) argues that such documents are not privileged. That is no reason not to enter a Rule 502(d) Order, as discovery in this case will certainly involve privileged communications between the parties, as Sierra Leone was Jenner & Block's client and this lawsuit is about the work the law firm did for its client and their communications about the work. Sierra Leone has also requested communications regarding the representation Jenner & Block provided in the underlying matter. (ECF 44 at 3.) This information is privileged. Moreover, even documents concerning Jenner &

2

Block's "billing arrangement" could be privileged if they reflect legal advice, as they sometimes do. *See Montgomery,* 161 F.R.D. at 227 ("None of the bills, statements describing services, or reminders *reveals any legal advice sought by [the client] or given by the law firm*.") (emphasis added). Entry of a Rule 502(d) Order will permit the parties to exchange those and other documents without concern that the production in this case is a broader waiver.

Sierra Leone asserts a Rule 502(d) Order is not needed because "it does not seek to assert an attorney-client privilege over these documents." (ECF 46 at 2.) The proposed Rule 502(d) Order will not limit that production but will allow the parties to make their production without fear the production constitutes a broader, irrevocable waiver. This is the purpose of Rule 502. A Rule 502(d) Order avoids inadvertent subject matter privilege waivers reaching beyond the proceeding at issue. Advisory Committee Notes 11/28/2006, Rule 502. Sierra Leone has not "asserted privilege" but neither has it waived privilege of its communications with Jenner & Block for all purposes, in all current or future proceedings.[1] Without a Rule 502(d) Order in place, Sierra Leone's disclosure of these documents could lead to waiver of these materials to be used in other proceedings.

An example demonstrates this reasoning. Some of the communications at issue were made for the purpose of defending Sierra Leone against Gerald International Limited and its affiliates ("Gerald") in the underlying matter. Sierra Leone eventually resolved its matters with Gerald through a confidential settlement. Without a Rule 502(d) Order, Sierra Leone will have waived its privilege as to the matters produced in this case for all purposes, and in all proceedings. Were

---

[1] Sierra Leone is under the misunderstanding that they are not vulnerable to subject matter waivers. ECF 46 at 2 ("The Court must enter a non-waiver order concerning a privilege held by The Republic, not Jenner & Block, and which The Republic has already waived for purposes of production of the documents."). Not so, disclosure of privileged documents may act as a subject matter waiver in other forums and for all purposes.

there to be another dispute with Gerald, any party, including Gerald, would be able to claim that Sierra Leone's production in this case is a subject matter waiver that leaves Sierra Leone vulnerable to other parties using these documents to thwart the settlement that Sierra Leone already received in the underlying matters. It could result in Jenner & Block lawyers or Sierra Leone government officials being compelled to testify in other proceedings about the same subject matter. *See, e.g.*, *Lambright v. Ryan,* 698 F.3d 808, 820 (9th Cir. 2012) ("[I]t would render the [502(d)] order practically useless to hold that disclosing the materials in the habeas hearing deprives that material of protection in the subsequent litigation.").

2. Sierra Leone next suggests that the Motion (and accompanying proposed edits to the Protective Order, ECF 42) are merely efforts from Jenner & Block to withhold documents that Sierra Leone "wishes to be produced immediately." (ECF 46 at 2-4.) Sierra Leone uses its Response to the Rule 502 Order motion improperly to re-brief its position (ECF 45) regarding Jenner & Block's Partial Opposition to Sierra Leone's Protective Order ("Opposition," ECF 43).

This concern is unrelated to the Motion, which is to deal with the orderly production of privileged documents. Moreover, since the beginning of the parties' discovery discussions, Jenner & Block has been transparent about the confidentiality and privilege considerations it believed could impact discovery and document production in this case. For example, in the Joint Rule 26(f) Report, Jenner & Block stated that "given that this case centers on a dispute between a law firm and its client and Jenner & Block's representation of Sierra Leone throughout confidential arbitration proceedings, Jenner & Block has suggested that the Parties agree to a protective order." (*See* ECF 34 at 4.) Jenner & Block shared its early drafts of a protective order and Rule 502(d) Order in early June 2025. When Sierra Leone, likewise, shared its version of a protective order to cover its Cabinet materials, Jenner & Block did not object. As Jenner & Block stated in its

4

Opposition (ECF 44), Jenner & Block is seeking to amend the definition of "Confidential Information" beyond Sierra Leone's inclusion of Cabinet materials to also include (1) documents that may designated as business proprietary information; and (2) documents the disclosure of arbitral documents in the underlying matters. (*See* ECF 43 at 3-5.) Jenner & Block is not requesting to withhold these documents from Sierra Leone—Jenner & Block *wants* to produce them. It only seeks a Protective Order to permit production while protecting the parties from wider disclosure of these documents. Jenner & Block's Opposition satisfies the burden of demonstrating the need to designate these documents as confidential (*see* ECF 46 at 3-5) and Sierra Leone cannot use the alleged "notoriety" in this case to construct some sort of "public need" for this information.

      3. Finally, Sierra Leone ignores the history of this case and characterizes Jenner & Block as withholding documents. In fact, Jenner & Block has shared over 10,000 pages of documents with Sierra Leone already, including billing statements and communications regarding invoices to Sierra Leone, which refutes Sierra Leone's charge that "Jenner & Block has resisted, and successfully managed to avoid, the disclosure of its documents to The Republic." (*See* ECF 46 at 4.) None of Jenner & Block's behavior to this point could rationally be considered an attempt to obfuscate or withhold documents. Jenner & Block has always been transparent with Sierra Leone about our views on the confidentiality and privilege of the documents in our case. Jenner & Block seeks routine orders from this Court to promote the orderly production of documents, which is something Sierra Leone is frustrating.

      For the foregoing reasons, Jenner & Block requests that the Rule 502(d) Motion and attached proposed order (ECF 44) be entered in this case.

Dated: September 26, 2025

        Respectfully submitted,

        **JENNER & BLOCK LLP**

        */s/ Michael T. Brody*
        Michael T. Brody

        Matthew S. Hellman (#484132)
        1099 New York Avenue, NW
        Suite 900
        Washington, DC 20001-4412
        Phone: 202 639-6000
        Fax: 202 639-6066
        MHellman@jenner.com

        Michael Brody (pro hac vice)
        Maria C. Gonzalez (pro hac vice)
        353 N. Clark Street
        Chicago, Illinois 60654-3456
        Phone: 312 222-9350
        MBrody@jenner.com
        MGonzalez@jenner.com

        *Attorneys for Jenner & Block*